**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0747n.06
Filed: August 24, 2005

**No. 04-1548**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>

CAROL SOLES, PERSONAL REPRESENTATIVE OF THE ESTATE OF AARON FRAYER, DECEASED,

    Plaintiff-Appellant

v.

INGHAM COUNTY; CLINTON-EATON-INGHAM OFFICE OF COMMUNITY MENTAL HEALTH; ELIZABETH MITCHELL; JUDY CATES; DEPUTY JOHN HAVEN; UNDERSHERIFF MATTHEW MEYERS,

    Defendants-Appellees.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

</td></tr>
</table>

**Before: MARTIN and ROGERS, Circuit Judges; and FORESTER, District Judge.**[*]

**ROGERS, Circuit Judge.** Carol Soles, the representative of the estate of Aaron Frayer, appeals the District Court's grant of summary judgment to defendants Ingham County, Clinton-Eaton-Ingham Office of Community Mental Heath, Elizabeth Mitchell, Judy Cates, and Deputy John Haven in Soles' § 1983 causes of action. After reviewing the record, the parties' briefs, and the applicable law, this court determines that no jurisprudential purpose would be served by a panel

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

opinion and affirms the lower court's decision for the reasons stated in Parts I through III of that court's opinion.

This court's decision in *Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001), is consistent with this analysis. In *Comstock*, this court denied qualified immunity to a prison psychologist, on the grounds that the psychologist exhibited deliberate indifference to an inmate's risk for suicide. *Id.* at 706-711. The psychologist had met with the inmate the day before the inmate's death; the inmate reported feeling suicidal, but with no specific plan. *Id.* at 698. The psychologist placed the decedent inmate in observation. The psychologist stated in his deposition that he suspected that day that the decedent might be having problems with other inmates. The next day, a physician's assistant met with the decedent. The decedent told the physician's assistant that he was viewed as a snitch and would be killed if returned to a non-safe area. The psychologist, without reviewing the physician's assistant's treatment notes, reevaluated the decedent immediately after the physician's assistant did. The decedent stated that he was not feeling suicidal. The psychologist noted that he showed an improved affect and recommended transferring the decedent out of the observation cell. *Id.* at 699. Later the same afternoon, the decedent committed suicide.

Our court in *Comstock* relied on factual considerations not present in this case. Our holding that there was sufficient evidence of the subjective element of deliberate indifference in *Comstock* was based on the psychologist's admitted suspicion on the day preceding the suicide that "something was going on between [the decedent] and the other men on the block" and the psychologist's conclusion that the decedent was suicidal enough to be placed under close observation, along with the fact that the decedent's mental state had been affected by the other inmates' dislike for him. *Id.* at 706. The psychologist could not simply disregard his strong suspicions. *Id.* In this case, by

contrast, the deceased had not expressed suicidal thoughts for a period of approximately two weeks before defendant mental health worker Mitchell and defendant medical director Cates recommended that decedent be returned to the general population of the jail. Furthermore, and perhaps most importantly, when Mitchell evaluated decedent, there was no glaring, new factor closely related to suicidal thoughts that Mitchell negligently or recklessly failed to investigate, such as the decedent's fears of retribution in *Comstock*. Instead, Mitchell had no new evidence indicating that decedent was at an increased risk for suicide. Under such circumstances, no reasonable juror could find that Mitchell or Cates was aware that decedent was at a substantial risk for suicide. The District Court properly granted summary judgment to these defendants, and, thus, its judgment is AFFIRMED.